Eastern Dist.
April, 1840.

MOORE ET AL.
vs.
COCHRAN.

------

## MOORE ET AL. *vs.* COCHRAN.

### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The promise to pay a debt at certain periods, if a note given to the creditor for collection was *not collected*, is not absolute, but conditional; and as the collection of the note would have extinguished the debtor's obligation; so, if it has not been collected through the fault of the creditor, the consequence must be the same.

This is an action instituted on the following agreement, and also on the four promissory notes mentioned in it as having been given up.

"*New-Orleans, May* 23, 1837.

" In consideration that Joseph L. Moore & Co. have this day given up to me my four notes, drawn by me in their favor, (amounting, in all, to six thousand nine hundred and twenty-eight dollars twenty-six cents,) for the security of the payment of which, they hold a note drawn by Chouteau & Payne, payable to and endorsed by me, dated May 18, 1836, at six months, for seven thousand eight hundred and thirty-two dollars, with interest at the rate of eight per cent. per annum from maturity; I agree to pay them one-half the amount of said notes given up, on the first day of December next, and the other half of said amount on the first day of April next, with interest at the rate of eight per cent. per annum after maturity; *provided said note of Chouteau & Payne be not collected.*          A. G. COCHRAN."

The plaintiffs acknowledge this agreement, and say: " We agree not to call on said Cochran, *as endorser* of said note, provided he pay to us, on the first day of December next, the one-half of six thousand nine hundred and twenty-eight dollars, and the other half of said amount on the first day of April next, with interest, &c., according to previous agreement; on payment of which, said note is to be given up to said Cochran."

The defendant admitted his signature to the notes, but averred that the plaintiffs delivered them up to him for the note of Chouteau & Payne, which they have never made any effort to collect. He prays to be dismissed with his costs.

The evidence showed that Chouteau & Payne were in good credit and solvent, at the maturity of their note, and when it came into the possession of the plaintiffs; but it is not shown that they made any effort to collect it. It remained unpaid in December, 1837, when this suit was commenced.

The district judge was of opinion that the collection of this note was *not a suspensive condition,* under the agreement of May 23, 1837, and that the defendant had no right to require a discussion of Chouteau & Payne's property, being

already bound *in solido* with them as payee and endorser of their note. But as the present suit was instituted before the 1st of April, 1838, it was premature as to one-half of the demand. There was judgment for one-half of the debt, which became due the 1st December, 1837, with interest; and the defendant appealed.

EASTERN DIST.
*April*, 1840.

MOORE ET AL.
*vs.*
COCHRAN.

*L. C. Duncan,* for the plaintiffs, urged the affirmance of the judgment.

*Strawbridge,* contra, insisted that there was error in the judgment, which should have been for the defendant.

*Martin, J.,* delivered the opinion of the court.

This is an action on an agreement by which the defendant engaged to pay a debt which he owed to the plaintiffs, in two instalments, in case a note of one of his debtors, of nearly the same amount, which he placed in the plaintiffs' hands for collection, was not collected by them. There was judgment in favor of the plaintiffs for one-half of the debt, or first instalment, the court being of opinion the action was premature as to the second. The defendant appealed.

The record shows that the note which the plaintiff received for collection, was not paid; but there is no evidence of any attempt on their part to collect it.

It is contended that the defendant, who is the payee, having written on the back of the note that he waived protest, there was no necessity of the plaintiffs showing any attempt to collect it. It is unnecessary to examine whether the plaintiffs might or not have brought their action on the note against the defendant as endorser, because they have not done so. They have chosen to resort to their action on the agreement. The promise of the defendant therein was not absolute, but conditional. The district judge has thought that the collection of the note was not a suspensive condition of the defendant's obligation to pay. The collection of the note would have prevented the defendant's obligation from taking effect. If this collection has not been made, through the fault of the plaintiffs, the consequence is the same with

*The promise to pay a debt at certain periods, if a note given to the creditor for collection was not collected, is not absolute, but conditional; and as the collection of the note would have extinguished the debtor's obligation, so, if it has not been collected through the fault of the creditor, the consequence must be the same.*

regard to the obligation of the defendant. They received the note for the purpose of collection. If they neglected to inform the makers that the note was placed in their hands for that purpose; if they made no demand, it is to be imputed to their own laches that the note remains unpaid. Their neglect cannot give rise to the defendant's obligation. The protest was to be an act posterior to the demand and refusal to pay the note. The waiver of it did not dispense the plaintiffs from doing what they were bound to do independently of the protest itself, viz: *that*, without which, the collection of the note was hopeless.

The District Court, therefore, in our opinion, erred in giving judgment for the plaintiffs.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed, and that there be judgment for the defendant as in case of nonsuit, with costs in both courts.